John W. Hazelrigg *v.* F. Gray.

**Specific Performance—Bond for Conveyance—Amount of Land.**

Where a vendor of land gives a bond for the conveyance of two hundred acres, the court will not compel the purchaser to accept a deed for one hundred fifty acres or for two hundred acres if there are only one hundred fifty acres within the boundary.

**Vendor and Purchaser—Interest on Purchase Money.**

Where a vendor of land is unable to make title to the land, he should be required to pay interest on the money received on the purchase price from the date of the institution of the suit, if demand for title was not made prior to the institution of suit.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

June 27, 1873.

OPINION BY JUDGE PRYOR:

The bond executed by the appellant contained a covenant to convey to the appellee two hundred acres of land. The exhibits filed together with other evidences of title show that the tract sold the appellee contains only one hundred and fifty acres and in such a case the contract being executory, the chancellor will not compel the purchaser to accept a deed for such a reduced quantity, or to accept a deed for two hundred acres, when there is really only one hundred and fifty acres embraced within the boundary. There is no allegation of fraud in the petition and certainly no evidence of it, and the question arises as to the liability of the appellant for interest on the money. A refunding deed implied that the money will be paid without interest where there is nothing else upon the face of the deed or bond indicating that interest shall be paid, but in this case it is not only stipulated that the appellant is to make a refunding deed, but the amount he is to refund is expressly stated, namely, $600. No demand is shown to have been made of the appellant for title prior to the institution of this action, nor is it shown that there ever was a demand of possession.

The appellant, however, being unable to make title, should have been required to pay interest from the institution of the suit. The scienter as to the want of title and number of acres is not alleged or proven, and by the terms of the contract the appellant was only to

refund the money in the event he failed to make title. If proceedings had been instituted and the appellant had failed to procure title all that could have been recovered back would have been the purchase money without interest. Where he had no title and there had been a demand made of the money, interest would run doubtless from the demand, but the only evidence in this case as to the time any demand was made is to be found on the filing of the suit to recover the money back.

The judgment of the court below is reversed and cause remanded with directions to enter a judgment against appellant for six hundred dollars, with interest from the institution of the suit, and for further proceedings consistent with this opinion.

*Buckner, Hazelrigg, for appellant.*

*Apperson & Reid, for appellee.*

